Eccleston *v.* Ogden.

---

### ECCLESTON *vs.* OGDEN.

The receipt of additional security is a good consideration for an agreement,
by the holder of a promissory note, to relinquish all claim upon it, against
an indorser.

A promise to settle and secure the payment of other notes indorsed by the
promisee, on which he had been sued by the promisor, and to pay certain
expenses on them, followed by the giving of such security, is also a suffi-
cient consideration for such an agreement.

An agreement of that nature, made by the holder of a promissory note, after
it becomes due, is sufficient to estop him from suing on the note, in his own
name.

THE action was against the defendant as the second in-
dorser of a promissory note.   The cause was tried before
the Hon. W. F. ALLEN, without a jury.   The answer stated
that the note was an accommodation note lent by the makers,
J. & J. Lincks, to one Newell to raise money upon, and that
the defendant indorsed it at the request and for the accom-
modation of Newell and Anable, and that it was then dis-
counted by Anable, for Newell, at usurious interest; that the
note, when it fell due, was held by Anable; and that after
the note became due, and while held by Anable, before it
was transferred to the plaintiff, Anable agreed with Ogden,
the defendant, that if he (Ogden) would settle and secure
the payment of certain other notes, on which Ogden's name
was, and on which he was then sued by Anable and which
were controverted, and would pay certain expenses, he (An-

able) would make no claim, and would relinquish all claim on this note in suit and on certain other notes. That Ogden agreed to this, paid the expenses and secured those notes. This was proved. And the judge found that Anable did so agree to release Ogden from his indorsement of this note, and that Ogden gave him the security for the other notes as he agreed. But the judge held, as matter of law, that there was no legal and sufficient consideration for such agreement; that is, that giving security to pay one liability and the costs of suit, and the expense of preparing the security, was not a sufficient consideration for the release of another liability. And as a consequence of this decision, he held that Anable's right to recover on the note was not impeached, and therefore he could pass it to the present plaintiff, after due as well as before, and without consideration, as well as with; and that it was therefore immaterial whether the plaintiff took it from Anable, after it was due, or on what consideration he received it. The defendant had given evidence to prove, and claimed that he had proved, that Anable held the note when it fell due. The cashier of the Atlantic Bank testified that Anable deposited it for collection, and he had no knowledge of its having left the bank until it was sent to the American Exchange Bank for collection; and after it was protested, it was credited to Mr. Anable. The notary of the bank testified that Anable paid him, for the Atlantic Bank, the amount of the note, the day after it was protested, that such was Anable's habit as to paper indorsed by him, and he then gave the note to Anable. This evidence was disregarded and held to be of no importance by the judge, inasmuch as he also held, as matter of law, that Ogden's agreement with Anable was without consideration and void, and did not impeach Anable's title to recover on the note. The defendant excepted to this decision, and appealed from the judgment.

Eccleston *v.* Ogden.

*G. C. Goddard,* for the appellant.

*E. S. Van Winkle,* for the respondent.

*By the Court,* INGRAHAM, J.   The judge on the trial found that the note was not usurious.   That the indorsement of the defendant was valid, and not for the accommodation of Anable.   That Anable agreed to release Ogden from the payment of this note, on condition of his giving security to pay other notes and costs of suit, which security was given by Ogden.   That such agreement was not founded on any sufficient consideration.   That he does not pass upon the consideration on which, or the time when, the note was passed to the plaintiff.

With these findings, the only question is whether the agreement with Anable was binding or not.

The receipt of additional security is a good consideration for such an agreement.   Besides, the agreement to pay the costs of a suit not decided, is also a sufficient consideration.

Although the defendant had no release, yet the agreement, as made by Anable, was sufficient to estop him from prosecuting on the note in his own name.   It therefore became necessary for the court below to pass upon the question, whether the plaintiff was or was not the real owner of the note.   If he was not, the plaintiff could not recover.

Judgment reversed; new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, May 6, 1861.   *Clerke, Sutherland* and *Ingraham,* Justices.]